A. ALVAREZ & BROTHERS, LTD., Plaintiffs and Appellees, *v.* VICTORIA R. DE ALAMO ET AL., Defendants an Appellants.

No. 4687.  Argued November 13, 1928.—Decided December 10, 1928.

*M. Benítez Flores* for the appellants.  *F. Soto Gras* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 23rd of July, 1928, a motion was made in this case to dismiss the appeal taken from the deficiency judgment rendered therein on May 16, 1928. The ground of the motion is that the transcript of the record was not filed within thirty days after taking the appeal. Averments 5, 6 and 7 thereof read as follows:

"V.—That the defendants limited themselves to appealing from the said judgment on June 13, 1928.

"VI.—That all of the proceedings leading to the judgment appealed from are those stated above, that is, the motion of the plaintiffs for execution of the deficiency judgment rendered in consequence thereof without submitting or offering any parole or documentary evidence and the defendants having admitted the facts alleged in the motion by their failure to answer or oppose them.

"VII.—That the statement of the case or transcript of the evidence being unnecessary, the period for filing the transcript of the record in the office of the secretary of this Court is thirty days to be computed from the date of the notice of appeal, and therefore the said thirty days have expired."

A special setting for a hearing on the motion before the court's vacation was requested and refused, the hearing being set for November 5, 1928. Both parties appeared on that day. On motion of the appellants the hearing was postponed to the 13th of the same month and the parties were allowed to file certificates and memorandums. On the 9th of November the appellees moved for addition to the record of a certificate of what they call the record of the appeal. Also a certificate of stenographer José Morales as follows:

"1.—That I am the stenographer who took the notes at the sitting of the court on May 14, 1928, in which the plaintiffs in the above entitled case filed the motion for execution of judgment.

"2.—That in connection with that motion, neither when it was submitted nor on any subsequent occasion did the parties present any parole or documentary evidence to be included in the stenographic record taken by me during the sessions of the court.

"3.—That for that reason when the court ordered on June 19, 1928, a transcript of the record I informed the Judge and the at-

torney for the defendants that I could not make any transcript of evidence which had not been introduced, according to my notes.

''4.—That notwithstanding my attitude, the defendants have requested and secured several extensions of time for the preparation of the said transcript, but the undersigned stenographer has not done and will not do any work of transcribing evidence not in his notes offered or admitted as evidence, unless he is specifically ordered to make the transcript if it were legally proper.''

Nothing has been presented by the appellants.

On November 13 both parties appeared again by their attorneys, one insisting on the motion to dismiss and the other opposing it.

We believe that the appellees are right. No transcript of the evidence was necessary. Everything required for preparing the appeal was ready and at the disposal of the appellants. They have let more than five months pass without filing a record which could have been filed easily within the statutory thirty days allowed in such cases.

The different requests for extensions of time made by the appellants in the court below were based ''on the fact that the stenographer had not had time to prepare the transcript of the record requested for the purposes of the appeal.'' We know the statements of the stenographer. No motion for extension of the time for filing the transcript has been made in this Supreme Court.

The appeal must be dismissed.